Case 1:19-cv-11816-LJL Document 75 Filed 06/22/22 Page 1 of 5
Case 21-2670, Document 57, 06/22/2022, 3336722, Page1 of 5

21-2670-cv
Bernstein v. N.Y.C. Dep't of Educ.

1:19-cv-11816-LJL

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

**MANDATE** <u>SUMMARY ORDER</u>

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: Jun 22 2022

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 31st day of May, two thousand twenty-two.

PRESENT:
    MICHAEL H. PARK,
    EUNICE C. LEE,
    MYRNA PÉREZ,
        *Circuit Judges.*

---

STEVEN BERNSTEIN,

    *Plaintiff-Appellant*,

    v.                                  21-2670

NEW YORK CITY DEPARTMENT OF EDUCATION, ROBERT MERCEDES, in his capacity as principal of Middle School 390,

    *Defendants-Appellees*.

---

| | |
|---|---|
| FOR PLAINTIFF-APPELLANT: | BRYAN D. GLASS, Glass Harlow & Hogrogian LLP, New York, NY. |
| FOR DEFENDANTS-APPELLEES: | KEVIN OSOWSKI, (Richard Dearing, John Moore, *on the brief*), Assistant Corporation Counsel, *for* Georgia M. Pestana, Corporation Counsel of the City of New York, New York, NY. |

Appeal from a judgment of the United States District Court for the Southern District of New York (Liman, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the amended judgment of the district court is **AFFIRMED**.

Plaintiff Steven Bernstein was a physical education and health teacher for Defendant New York City Department of Education ("DOE") at Middle School 390, where Defendant Robert Mercedes was the principal. Bernstein sued Defendants for age discrimination, hostile work environment, and constructive discharge under the Age Discrimination in Employment Act ("ADEA").[1] Bernstein alleged various incidents of harassment, mistreatment, and undeserved discipline and negative evaluations from 2011 until his alleged constructive discharge in 2018. He also alleged that starting in 2013, Mercedes began targeting "older non-Hispanic employees" to leave their jobs. App'x at 82. The district court granted Defendants' motion to dismiss, concluding that most of Bernstein's ADEA claims are untimely and that the remaining claims fail because "they do not establish a plausible inference that Defendants' conduct was based on a discriminatory motive or on Plaintiff's age." *Id.* at 188. Bernstein timely appealed. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

We "review[] *de novo* a district court's grant of a motion to dismiss under Rule 12(b)(6)," accepting all factual allegations in the complaint as true and drawing all inferences in the plaintiff's favor. *Littlejohn v. City of New York*, 795 F.3d 297, 306 (2d Cir. 2015). To survive a motion to dismiss, the pleadings must "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*,

---

[1] Bernstein also alleged violations of the New York State Human Rights Law ("NYSHRL") and the New York City Human Rights Law ("NYCHRL"). Bernstein does not challenge the district court's dismissal of these claims on appeal.

2

556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

The district court properly dismissed Bernstein's age discrimination, hostile work environment, and constructive discharge claims because he fails to allege that he was mistreated because of his age.[2] In order to establish employment discrimination under the ADEA, "a plaintiff must prove that age was the 'but-for' cause of the employer's adverse decision." *Lively v. WAFRA Inv. Advisory Grp., Inc.*, 6 F.4th 293, 303 (2d Cir. 2021) (citation omitted). Consequently, to survive a motion to dismiss, plaintiffs bringing an employment discrimination claim under the ADEA must plausibly "allege that age was the but-for cause of the employer's adverse action." *Vega v. Hempstead Union Free Sch. Dist.*, 801 F.3d 72, 86 (2d Cir. 2015) (cleaned up).

Bernstein alleges that beginning in 2013, Mercedes "specifically targeted older non-Hispanic employees to leave the school." App'x at 82. But his "vague and conclusory," allegations "offer[] no details that would support any inference of age discrimination." *Lively*, 6 F.4th at 306. For example, Bernstein lists the name of ten employees who were allegedly "targeted" but fails to provide any information suggesting they were targeted because of age. Moreover, Bernstein alleges that these workers were targeted after Mercedes was told by "DOE supervisors that he had to reduce his staff because of budget cuts." App'x at 82. But Bernstein also alleges that these employees had "relatively high salaries," *id.*, raising an inference that cost, not age, was the reason they were targeted. *See Hazen Paper Co. v. Biggins*, 507 U.S. 604, 611–

---

[2] It is undisputed that most of the incidents Bernstein alleges are untimely for purposes of his age discrimination claim because they occurred more than 300 days before he filed his EEOC notice. *See* 29 U.S.C. § 626(d)(1)(B); *Davis-Garett v. Urban Outfitters, Inc.*, 921 F.3d 30, 42 (2d Cir. 2019). But Bernstein's hostile work environment and constructive discharge claims are not time-barred because "all acts which constitute the claim are part of the same unlawful employment practice and at least one act falls within the time period." *Id.* (cleaned up).

12 (1993) (explaining that a decision to fire an employee because of the economic consequences related to their years of service does not constitute age discrimination under the ADEA even if years of service is correlated with age).[3]

Bernstein also alleges that he was "treated less well than a similarly situated junior colleague, Simeon Reid, the only other gym teacher at the school." App'x at 87. This allegation alone is insufficient to raise an inference of age discrimination. Bernstein has not provided Reid's age or otherwise alleged any facts that would allow a court to reasonably infer that Reid was not "insignificantly younger" than Bernstein. *O'Connor v. Consol. Coin Caterers Corp.*, 517 U.S. 308, 313 (1996). Similarly, Bernstein's allegation that he was replaced by a "younger" teacher is not enough here to raise an inference of age discrimination, especially because Bernstein again fails to allege his replacement's age or allege facts that would allow us to reasonably infer that his replacement was "[]significantly younger" than him. *Id.*

Bernstein further alleges that during the 2015–2016 school year, Mercedes asked him when he would retire three times. Without more, these questions do not raise an inference of age discrimination because they are legitimate questions an employer could ask an employee. *See Raskin v. Wyatt Co.*, 125 F.3d 55, 63 (2d Cir. 1997) ("The ADEA does not make all discussion of age taboo. Nor does the fact that [a plaintiff's] eligibility for early retirement came up in a conversation . . . support an inference that age played a role [in the alleged adverse employment action]."). Moreover, Bernstein makes no attempt to draw "a direct link" between the retirement questions and any mistreatment or adverse employment actions he suffered, nor does he allege

---

[3] Bernstein also alleged that Linda White, a 64-year-old general education teacher, left the school due to consistently negative ratings, while Mr. Alvarez, who was a younger special-education teacher, received positive ratings. This comparison fails to raise an inference of age discrimination. The complaint does not mention Alvarez's age, whether White and Alverez were similarly situated, or whether the difference in ratings was due to age rather than performance.

"facts concerning other indicia of discrimination that would make [Mercedes's questions] bear a more ominous significance."  *Lively*, 6 F.4th at 306–07 (cleaned up).

Finally, Bernstein argues that the fact that he received his first disciplinary letters and negative evaluations in 2011 after fifteen years of teaching, and the fact that they increased in frequency until his alleged constructive discharge in 2018 raises an inference of discrimination. But Bernstein does not plead sufficient facts connecting the discipline or poor ratings to animus based on his age.  Without more, such allegations of discipline and negative evaluations are insufficient to raise an inference of discrimination.  *See Viola v. Philips Med. Sys. of N. Am.*, 42 F.3d 712, 718 (2d Cir. 1994) ("Dismissals are often preceded by adverse performance reviews. Were we to view this pattern as suspect, without more, many employees would be able to appeal their personnel evaluations to a jury."); *Danzer v. Norden Sys.*, 151 F.3d 50, 56 (2d Cir. 1998) ("[S]udden and unexpected downturns in performance reports cannot, by themselves, provide the basis for a discrimination action.").

We have considered all of Bernstein's remaining arguments and find them to be without merit.  Accordingly, we affirm the amended judgment of the district court.

                              FOR THE COURT:
                              Catherine O'Hagan Wolfe, Clerk of Court

A True Copy
Catherine O'Hagan Wolfe, Clerk
United States Court of Appeals, Second Circuit

5